# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### Filed:  September 8, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| KIM M. WIDES, | * | UNPUBLISHED |
| | * | |
| | * | No. 13-756V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount Requested to which |
| AND HUMAN SERVICES, | * | Respondent Does Not Object. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

Isaiah Richard Kalinowski, Maglio, Christopher & Toale, Washington, DC, for petitioner.
Gordon Elliot Shemin, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On September 27, 2013, Kim Wides ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of receiving a TDAP vaccine and MMR vaccine on September 10, 2012, and a second MMR vaccine on October 10, 2012, she developed a vaccine-related demyelinating polyneuropathy and its sequelae.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act").  All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

On September 8, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs.  According to the stipulation, respondent does not object to a total award of attorneys' fees and costs in the amount of $23,000.00.  In accordance with General Order #9, petitioner filed a statement stating that she incurred no out-of-pocket expenses in pursuing her petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

> in the form of a check jointly payable to petitioner and petitioner's counsel, Isaiah Kalinowski, of the law firm of Maglio, Christopher & Toale in the amount of **$23,000.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.