# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-756V
Filed: October 3, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| KIM M. WIDES, | * | |
| | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | Joint Stipulation on Damages; |
| | * | Tetanus, Diphtheria and Acellular |
| SECRETARY OF HEALTH | * | Pertussis (Tdap) vaccine; Measles, |
| AND HUMAN SERVICES, | * | Mumps, and Rubella ("MMR") |
| | * | vaccine; demyelinating |
| Respondent. | * | polyneuropathy |
| * * * * * * * * * * * * * * | | |

Isaiah Richard Kalinowski, Maglio, Christopher & Toale, PA, Washington, DC, petitioner.
Gordon Elliot Shemin, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On September 27, 2013, Kimberly Wides ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that on September 10, 2012, she was administered the Adacel (Tetanus, Diphtheria and Acellular Pertussis (TDaP)) vaccination in her left deltoid, and the first (of two), Measles, Mumps, and Rubella (MMR) vaccinations in her right deltoid. On October 10, 2012, petitioner was administered the second MMR vaccination in her left deltoid. All three

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

vaccinations were administered in Columbia Falls (Flathead County), Montana.  Petitioner alleges that as a result of these vaccines, she suffers from vaccine-related demyelinating polyneuropathy and its sequelae.  Petitioner further alleged that she experienced the residual effects of these injuries for more than six months.

On October 2, 2014, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that the vaccines are the cause of petitioner's alleged demyelinating polyneuropathy, or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $225,000.00, in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under 42 U.S.C.§300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.